Vitus Boeck, Plaintiff, *v.* Incorporated Village of South Floral Park and Emil Gillming, Village Clerk and Treasurer, Defendants.

Supreme Court, Nassau County, March 27, 1940.

*John Henry Denton,* for the plaintiff.

*John F. Manly,* for the defendant Incorporated Village of South Floral Park, appearing specially.

HOOLEY, J. In this action, brought to obtain an injunction against the holding and completion of a tax sale by the Incorporated Village of South Floral Park, application has been made for a temporary injunction.

It appears that the said village, by appropriate resolution, has elected to adopt title 3 of article VII-A of the Tax Law pursuant to section 162 of said Tax Law (added by Laws of 1939, chap. 692). Title 3 is captioned " Foreclosure of the Tax Lien by Action in Rem." Section 165 thereunder provides: " Whenever it shall appear that a tax district owns a tax lien which has been due and unpaid for a period of at least four years from the date on which the tax, assessment or other legal charges represented thereby became a lien, such tax lien shall be summarily foreclosed by the tax district in the manner provided in this title, *notwithstanding the provisions of any general, special or local law* and notwithstanding any omission to hold a tax sale prior to such foreclosure."

A tax district includes a village under said article VII-A. (§ 161, subd. 2, ¶ [a].)

Sections 165 and 165-a to 165-h of title 3 of the Tax Law outline the procedure to be followed in connection with the foreclosure of said tax liens.

The plaintiff objects to the fact that the village, while following the procedure for a sale for unpaid village taxes for the years 1936 to 1939, pursuant to the provisions of the Village Law, is also proceeding under the provisions of title 3 of article VII-A of the Tax Law, aforesaid. He contends that if the village purchased at its own tax sale, it cannot observe the conditions under which its tax liens for 1936 and 1937 are sold, for the reason that owners of property on which the tax liens have been sold will not have two years within which to redeem, if, subsequently, the village forecloses on parcels upon which it has acquired a lien at a tax sale. His argument appears to be that the village, under title 3 of article VII-A, aforesaid, must annually foreclose all tax liens which are four years old and that hence there will be no opportunity to redeem within two years from the date of the proposed tax sale, which period of redemption is allowed by subdivision 6 of section 126-d of the Village Law and that, therefore, an illegal and impossible situation is presented.

The court does not find that the sections of the Tax Law and the Village Law are in conflict. Title 3 of article VII-A aforesaid provides a method of foreclosure of all tax liens which are at least four years old. When this title has been adopted by a village, the village should proceed to foreclose on all such liens in the manner therein provided. As to the liens which are less than

four years old, the village has properly proceeded to sell the same at a tax sale as provided by the Village Law. (§§ 126-d and 126-l.) The claim that in some of such cases (*e. g.*, 1937 taxes) the owner may be deprived of a right to redeem if the village subsequently forecloses on such lien prior to the two-year period of redemption, is untenable. Section 162 of the Tax Law specifically covers this situation. It is therein provided as follows: " *Whenever any tax district shall have elected to adopt only title three of this article the provisions of such title shall not affect any existing remedy, action or proceeding for the enforcement of tax liens in such tax district less than four years old.*"

It is clear that such provision was inserted in the Tax Law to cover the situation here present and it is equally clear from the precise language above that the proceedings taken in connection with the current tax sale are not affected in any way by article VII-A and that any owner will have the absolute right to redeem for a period of two years any liens sold at such sale. Such owner's rights become fixed as of the time of such tax sale and the village in such case cannot foreclose on such parcel until his right of redemption has expired.

It is a general rule in the interpretation of statutes that they shall receive a reasonable construction (McKinney's Statutes and Statutory Construction, § 79), and the court, in reaching the above conclusion, feels that the interpretation arrived at is that intended by the Legislature. To hold as contended by the plaintiff herein would do violence to such intention.

The plaintiff also complains that the said notice of tax sale marked " Exhibit A " is incomplete for the reason that the names and property therein set forth represent only a very small fraction of the persons who owe, and the property upon which 1939 taxes are due.

The answer of the village is that there has been included in the notice of tax sale all unpaid taxes, 1936 to 1939, *except* the taxes for said years on the properties which are the subject of the foreclosure, pursuant to title 3 of article VII-A of the Tax Law aforesaid.

In such cases, the policy of the statutes is not violated by omitting from a tax sale for 1936 to 1939 taxes, parcels which are the subject of a foreclosure action under the Tax Law. If this were not so, then the village would have to include in its 1940 tax sale all the parcels under foreclosure so that two tax proceedings based on the old liens would be running simultaneously. This contention is without merit as it is obvious that no prospective tax sale purchaser would buy in liens at the village tax sale pur-

suant to section 126-d on property which is being foreclosed under title 3 of article VII-A of the Tax Law.

The other points raised by the plaintiff are not of sufficient moment to raise any real question. as to the validity of the proceedings.

In addition, it appears from the affidavits that the tax liens on plaintiff's property were purchased by a tax sale purchaser other than the village and that, therefore, the questions he raises herein become academic in so far as he is concerned.

Accordingly, the motion for a temporary injunction is denied.